# THE ARGYLE COMPANY

## v.

## WILLIE G. MCNEILL, FOR USE, ETC.

*Novation.*

A creditor—a married woman—can not be bound by an agreement by a third person—her husband—with the debtor, that the indebtedness should be transferred to others, without authority from or ratification by her.

[Opinion filed December 29, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

An action of assumpsit was brought in the court below by Willie G. McNeill for the use of Flora Caruthers, against The Argyle Company, upon the following instrument:

"March 25, 1891.

"This is to certify that there was due to Mrs. Malcolm McNeill (that is Willie G. McNeill)' February 1, 1891, by the Argyle Company, $1,716.27, with interest on the same at 7 per cent per annum from January 1, 1891, to February 1, 1891."

"THE ARGYLE Co.,

"By Malcolm McNeill, Secty."

The defendant, under the plea of the general issue, attempted to show that by an arrangement made by Malcolm McNeill, who was the husband of Willie McNeill, and who assumed to act as her agent, she, through such assumed agent, had agreed to transfer the indebtedness represented by the instrument to A. C. and B. F. McNeill. That the Argyle Company had ratified such agreement, and thereby became the debtor of A. C. and B. F. McNeill, and that the plaintiff, Willie McNeill, had received the consideration given by A. C. and B. F. McNeill upon such agreement.

Messrs. A. C. WENBAN and L. S. HODGES, for appellant.

Messrs. BALL, WOOD & OAKLEY, for appellee.

MR. JUSTICE WATERMAN. It is manifest that Willie McNeill could not be bound by an agreement Malcolm McNeill may have made without authority from, or ratification by her.

Appellant failed to show that appellee ever authorized or ratified any arrangement as to the indebtedness to her, represented by the paper upon which this suit was brought.

The understanding which A. C., B. F., or Malcolm McNeill may have had about the payment or transfer of this indebtedness, or the conveyance of any other property, is immaterial, unless appellee was a party to such understanding.

We do not think that the evidence offered by appellant, which the court refused to admit, was, as offered, admissible. Its pertinency depended entirely upon showing that appellee had authorized the novation claimed, or had ratified the same. The evidence, so far from establishing this, was to the contrary.

If Benjamin McNeill has, under the belief that thereby he was acquiring the ownership of this indebtedness, been deluded into making a conveyance of valuable real property to Cuthbert Laing, and the latter has without consideration conveyed the same to appellee, Benjamin McNeill may be entitled to have such property reconveyed to him, but we fail to see how these facts, if such they be, constitute a defense by the Argyle Company to this action brought upon its written acknowledgment of indebtedness to Willie McNeill. The bill of exceptions is defective, it not containing all the evidence. A bill in chancery appears to have been introduced which is not shown.

The judgment of the Superior Court is affirmed.

*Judgment affirmed.*